IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00631-05 LEK |
|---|---|---|
| Plaintiff, | ) ) | ORDER DENYING THE GOVERNMENT'S APPEAL AND |
| vs. | ) ) | REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL |
| CHARLES ALAN PFLUEGER, (01) | ) | MATTER DETERMINED BY THE |
| JAMES HENRY PFLUEGER, (02) | ) | MAGISTRATE JUDGE AND |
| RANDALL KEN KURATA, (03) | ) | AFFIRMING ORDER DENYING |
| DENNIS LAWRENCE DUBAN, (04) | ) | MOTION TO DISQUALIFY, FILED |
| JULIE ANN KAM, (05) | ) | ON AUGUST 15, 2011 |
| Defendants. | ) ) | |

**ORDER DENYING THE GOVERNMENT'S APPEAL AND REQUEST TO
THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER
DETERMINED BY THE MAGISTRATE JUDGE AND AFFIRMING
<u>ORDER DENYING MOTION TO DISQUALIFY, FILED ON AUGUST 15, 2011</u>**

Before the Court is Plaintiff the United States of America's ("the Government") Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge ("Magistrate Appeal"), filed on October 4, 2011. [Dkt. no. 101.] Defendant Julie Ann Kam ("Defendant Kam") filed her opposition to the Magistrate Appeal ("Opposition") on October 18, 2011, and Defendant Randall Ken Kurata ("Defendant Kurata") filed a joinder in the Opposition ("Joinder") on October 19, 2011. [Dkt. nos. 103, 105.] This matter came on for hearing on December 2, 2001. Appearing on behalf of the Government were Assistant United States Attorney Leslie Osborne, Jr., and, by telephone, Timothy Stockwell and Kevin Sweeney,

Special Attorneys, United States Department of Justice, Tax Division. Appearing on behalf of Defendant Kam were Lyle Hosoda, Esq., and Raina Gushiken, Esq. After careful consideration of the Magistrate Appeal, Opposition, the arguments of counsel, the Government's Magistrate Appeal is HEREBY DENIED.

**BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only discuss the events that are relevant to the Magistrate Appeal.

The Government filed its Motion to Disqualify on August 15, 2011. [Dkt. no. 85.] The Motion to Disqualify asserted that Defendant Kam's counsel, Mr. Hosoda, also currently represents several government witnesses that will provide critical testimony at trial implicating Defendant Kam. The Government argued that Mr. Hosoda and his law firm, Lyle S. Hosoda & Associates,[1] must be disqualified from representing Defendant Kam because there is an actual conflict of interest and a significant risk of potential conflicts of interest during trial. The Government argued that, if Mr. Hosoda and his law firm are not disqualified, it would deprive Defendant Kam of her Sixth Amendment right to conflict-free counsel.

---

[1] Although the Motion to Disqualify identified Mr. Hosoda's law firm as Lyle S. Hosoda & Associates, the firm name is actually Hosoda & Morikone, LLC.

2

After briefing by the parties and a hearing on September 15, 2011, the magistrate judge orally denied the Motion to Disqualify. [Minutes, filed 9/15/11 (dkt. no. 99).] On September 23, 2011, the magistrate judge issued his Order Denying Motion to Disqualify, Filed on August 15, 2011 ("Order"). [Dkt. no. 100.] The Order notes that Mr. Hosoda submitted a declaration stating that he did not receive any confidential information from his former clients and that the scope of this representation was limited to assisting them with their appearances before the grand jury and securing immunity for them.[2] The magistrate judge found that the Government had not established an actual conflict. [Order at 2-3.] Although Mr. Oshiro's grand jury testimony "may be useful to the Government to attempt to show inconsistency in position, . . . anything else would be speculation and conjecture." [Id. at 3.] The Order also states "Defendant Kam has signed a knowing and voluntary waiver of any conflict after reading the Government's motion. Defendant Kam may be subject to further or future

---

[2] The Motion to Disqualify stated that the Government was going to call all of Mr. Hosoda's former clients in this matter as witnesses at trial, and the motion refers generally to the representation of the main Government witnesses. The magistrate judge, however, found that in the Government's "motion and supporting memoranda however, it only produced testimony and focused on one former client of Mr. Hosoda, Alvin Oshiro. As such, the Government has shown no bases to disqualify Mr. Hosoda based upon his representation of any other of his former clients." [Order at 2-3.]

3

inquiry on this by the Court." [Id.]

I. **The Government's Magistrate Appeal**

The Government urges this Court to reconsider the magistrate judge's finding that there is no actual conflict or serious potential for conflict. The Government reiterates that Defendant Kam and the Government witnesses, including Mr. Oshiro, have adverse interests and that Mr. Hosoda's representation of both creates an actual conflict of interest. The Government also argues that Mr. Hosoda will not be able to effectively cross-examine his former clients without violating his duty of loyalty to them. An ineffective cross-examination would deprive Defendant Kam of her right to cross-examine those witnesses.

Further, the Government urges the Court to reject Defendant Kam's purported waiver of the conflicts because the Government contends that the waiver was not knowing and intelligent. The Government argues that there was no colloquy to determine whether Defendant Kam understood the conflict and whether her waiver was knowing and intelligent. Moreover, the Government asserts that Defendant Kam could not knowingly and intelligently waive a conflict of interest "when the Magistrate Judge has told her that no such conflicts exist." [Magistrate Appeal at 6.] If this Court "is not inclined to deny the waiver, at a minimum it must conduct a thorough inquiry and extensively question Kam regarding her waiver to ensure that it is knowing

4

and intelligent." [Id. at 8.]  The Government asserts that allowing Defendant Kam's current waiver to stand could result in a future mistrial or reversal on appeal.

## II. Opposition

Defendant Kam reiterates that, because of Mr. Hosoda's limited representation of the Government witnesses, Alvin Oshiro, Cindy Foster, Jandi Saito, and Trophine Nuuhiwa, he did not receive any privileged information from them.  [Mem. in Opp. to Motion to Disqualify, Decl. of Lyle S. Hosoda ("Hosoda Decl."), filed 8/31/11 (dkt. no. 91-1), at ¶¶ 3-4.]  Mr. Hosoda's representation of them ended after assisting Mr. Oshiro with his last grand jury appearance on August 4, 2010, [id. at ¶ 5,] long before Mr. Hosoda entered his appearance in this case as counsel for Defendant Kam [Notice of Withdrawal & Substitution of Counsel & Order, filed 6/8/11 (dkt. no. 80)].  Thus, Defendant Kam contends there is no risk that Mr. Hosoda could disclose his former clients' confidential information during his representation of her to his former clients' detriment, and there is no risk that he would avoid vigorous cross-examination of his former clients.  Defendant Kam also argues that her interests are not directly and materially adverse to the interests of Mr. Hosoda's former clients because they are not now, and never were, co-defendants, victims, or government agents in this matter.  Further, the Government's position that Mr. Oshiro's
5

grand jury testimony implicates her is mere conjecture. [Opposition at 8.] "The Government has failed to put forth any credible evidence of even a single transaction that Mr. Oshiro testified to, with supporting documents showing that [Defendant] Kam, in her individual capacity, committed the tax fraud alleged against her." [Id. at 8-9.]

Defendant Kam also asserts that, in response to the Motion to Disqualify, she executed a knowing, intelligent, and voluntary waiver of the potential conflict identified by the Government. [Mem. in Opp. to Motion to Disqualify, Decl. of Julie Ann Kam, filed 8/31/11 (dkt. no. 91-2).] Her declaration in opposition to the Motion to Disqualify confirmed that Mr. Hosoda discussed the potential conflict with her, and that she was aware of the risks and possible consequences of the potential conflict. [Id. at ¶¶ 5, 7.] She also confirmed that she was aware of her right to: have conflict-free counsel; obtain counsel to replace Mr. Hosoda; and consult with independent counsel about Mr. Hosoda's potential conflict. [Id. at ¶¶ 8-10.] After considering all of these issues, Defendant Kam stated that she wants Mr. Hosoda to continue representing her, [id. at ¶ 11,] and she "voluntarily wish[es] to waive [her] right to be represented by an attorney free of conflict of interest and wish[es] to continue to be represented by [her] present counsel." [Id. at ¶ 12.] Defendant Kam emphasizes that the Government has not

6

contested the fact that "the governing ethical rules contemplate and allow for Mr. Hosoda's successive representation where he has obtained a voluntary, knowing and intelligent waiver from [Defendant] Kam." [Opposition at 12.] Defendant Kam urges the Court to uphold the magistrate judge's ruling that her waiver was valid and to deny the Magistrate Appeal.

### III. Hearing on the Magistrate Appeal

At the hearing, this Court conducted an extended colloquy with Defendant Kam about her knowledge of the circumstances at issue in the Magistrate Appeal. The Court also questioned her regarding whether she understood her constitutional right to counsel, in particular her right to conflict-free counsel. All of Defendant Kam's responses were consistent with her statements in her declaration attached to her memorandum in opposition to the Motion to Disqualify.

In addition to reiterating the arguments previously raised in the Motion to Disqualify and the Magistrate Appeal, the Government argued that, if the Court was inclined to affirm the Order and deny the Magistrate Appeal, this Court should allow the Government to revisit the matter if future circumstances come to light that make the conflict more readily apparent.

### **STANDARD**

> Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local Rule 57.3(b), a party may appeal to a district judge any pretrial nondispositive matter determined by a magistrate judge. Under 28

7

> U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by the district court only if it is "clearly erroneous or contrary to law." The threshold of the "clearly erroneous" test is high. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

United States v. Sou, Crim. No. 09-00345 SOM, 2011 WL 1463798, at *2 (D. Hawai`i Apr. 15, 2011).

**DISCUSSION**

I. **Whether There is an Actual Conflict of Interest or a Serious Potential for Conflict**

This district court has recognized the following principles regarding a criminal defendant's constitutional right to be represented by conflict-free counsel:

> The Sixth Amendment provides that a criminal defendant shall have the right to the assistance of counsel for his defense. One element of this right is the accused's right to select and be represented by the attorney of his choice. United States v. Gonzalez-Lopez, 548 U.S. 140, 126 S. Ct. 2557, 2561, 165 L. Ed. 2d 409 (2006). Nevertheless, this right is not absolute as the "essential aim" of the Sixth Amendment is "to guarantee an effective advocate for each criminal defendant, rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988). The Sixth Amendment also guarantees a criminal defendant the right to assistance of counsel unburdened by conflicts of interest. United States v. Elliot, 463 F.3d 858, 867 (9th

8

Cir. 2006) ("Few aspects of our criminal justice system are more vital to the assurance of fairness than the right to be defended by counsel, and this means counsel not burdened by a conflict of interest." (citing United States v. Henke, 222 F.3d 633, 638 (9th Cir. 2000) (per curiam))); Bonin v. California, 494 U.S. 1039, 1044, 110 S. Ct. 1506, 108 L. Ed. 2d 641 (1990) (Marshall, J., dissenting) ("The right to counsel's undivided loyalty is a critical component of the right to assistance of counsel; when counsel is burdened by a conflict of interest, he deprives his client of his Sixth Amendment right as surely as if he failed to appear at trial."). Thus, while there is a presumption in favor of a defendant's counsel of choice, Gonzalez-Lopez, 126 S. Ct. at 2561, "that presumption may be overcome not only by a demonstration of actual conflict of interest but by a showing of a serious potential for conflict." Wheat, 486 U.S. at 164. Determining whether a conflict exists "must be left primarily to the informed judgment of the trial court." Id.

An attorney's former representation of a government witness can create an actual or serious potential conflict that warrants disqualification. See Moss v. United States, 323 F.3d 445, 460 (6th Cir. 2003) ("[T]he most common example of an actual conflict of interest arising from successive representation occurs when an attorney's former client serves as a government witness against the attorney's current client at trial."). In such cases of successive representation, "conflicts of interest may arise if the cases are substantially related or if the attorney reveals privileged communications of the former client or otherwise divides his loyalties." United States v. Shwayder, 312 F.3d 1109, 1118 (9th Cir. 2002) (quoting Fitzpatrick v. McCormick, 869 F.2d 1247, 1252 (9th Cir. 1989) (internal quotation marks omitted)). Potential dangers in a case involving successive representation include: (1) the attorney may be tempted to use privileged information learned during the prior representation to the disadvantage of the former client, or (2) the attorney may fail to conduct a rigorous cross-examination of the former client for fear of revealing or misusing confidential

9

information learned during the prior representation to the disadvantage of the current client.  See Sanders v. Ratelle, 21 F.3d 1446, 1453 (9th Cir. 1994).

The court may allow an attorney to proceed despite a conflict "if the defendant makes a voluntary, knowing, and intelligent waiver." United States v. Martinez, 143 F.3d 1266, 1269 (9th Cir. 1998) (internal quotation marks and citation omitted).  Nevertheless, even in cases where a defendant waives an actual or potential conflict, district courts have "substantial latitude in refusing waivers of conflicts of interest" in favor of disqualification in cases "where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."  Wheat, 486 U.S. at 163.  The Supreme Court has recognized the difficulty inherent in these situations:

> Unfortunately for all concerned, a district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly.  The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials.

Id. at 162-63.

In ascertaining the existence of an actual or serious potential conflict, the court may look in part to the relevant body of professional rules. See In re Grand Jury Investigation, 447 F. Supp. 2d 453, 458 (E.D. Pa. 2006) (finding that the Rules of Professional Conduct provide a useful guide against which to measure the conduct of lawyers subject to a disqualification motion). The Local Rules for the District of Hawaii require attorneys practicing in the district to comply with the Hawaii Rules of Professional Conduct ("HRPC").  See Local Rule 83.3.

>     HRPC 1.7 provides that:
>
>     (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client unless:
>
>     > (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>     >
>     > (2) each client consents after consultation.
>
>     (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests unless:
>
>     > (1) the lawyer reasonably believes the representation will not be adversely affected; and
>     >
>     > (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
>
> Nonetheless, "when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation under the circumstances. When more than one client is involved, the question of conflict must be resolved as to each client." HRPC 1.7 cmt. ¶ 5.

United States v. Gaitan-Ayala, CR No. 07-00268-01 JMS, 2008 WL 1752678, at *2-4 (D. Hawai`i Apr. 17, 2008) (footnote omitted).

In light of the foregoing principles, this Court cannot find that the magistrate judge's finding of no actual conflict or serious potential for conflict was clearly erroneous. Defendant Kam has presented Mr. Hosoda's declaration that he did not learn any confidential information during his prior representation of the Government's intended witnesses, including Mr. Oshiro. [Hosoda Decl. at ¶ 4.] The Government has not presented any evidence to the contrary. In addition, the Court notes that Mr. Hosoda stated co-counsel will conduct Mr. Oshiro's cross-examination if the Government calls Mr. Oshiro to testify at trial. [Id. at ¶ 7.] The Court cannot say that, after reviewing the evidence, it has a definite and firm conviction that the magistrate judge made a mistake. The Court therefore AFFIRMS the magistrate judge's findings that there is neither an actual conflict of interest nor a serious potential conflict of interest.

## II. Waiver

Insofar as this Court has affirmed the magistrate judge's finding that there is neither an actual conflict of interest nor a serious potential for conflict, this Court concludes that it is unnecessary to address the issue of the validity of Defendant Kam's waiver. There being no actual conflict or serious potential for conflict, there is nothing to waive at this time. Although this Court has not ruled upon the

magistrate judge's finding regarding waiver, to the extent that this Court agrees with the magistrate judge's ultimate decision to deny the Motion to Disqualify, this Court AFFIRMS the magistrate judge's Order and DENIES the Government's Magistrate Appeal.

## **CONCLUSION**

On the basis of the foregoing, the Government's Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge, filed October 4, 2011 [dkt. no. 101], is HEREBY DENIED, and the magistrate Judge's September 23, 2011 Order Denying Motion to Disqualify, Filed on August 15, 2011 [dkt. no. 100], is HEREBY AFFIRMED.

The Court emphasizes that the denial of the Motion to Disqualify is WITHOUT PREJUDICE. If there is a future change in the circumstances of this case, or if new evidence comes to light, as to the conflict issue, the Government should bring the matter to the district court's attention by filing a renewed motion to disqualify.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 8, 2011.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. JULIE ANN KAM (05); CR. NO. 10-00631-05 LEK; ORDER DENYING THE GOVERNMENT'S APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE AND AFFIRMING ORDER DENYING MOTION TO DISQUALIFY, FILED ON AUGUST 15, 2011**